IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RICHARD SHAW,

        Plaintiff,

        v.

ACTION FINANCIAL SERVICES, LLC,

        Defendants.

Case No. 1:14-cv-00469

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

      This matter comes before the court on a motion to dismiss (#8) filed by defendant Action Financial Services, LLC ("AFS"). Plaintiff Richard Shaw ("Shaw") brings ten claims for relief against AFS. (Pltf.'s Am. Comp., p. 7-16, # 11). Shaw's first eight claims for relief allege forms of racial and gender-based discrimination under Title VII and ORS § 659A.030. Id. at 7-12. Shaw's ninth claim for relief alleges violation of Oregon's whistleblowing statute, ORS §

Page 1 – REPORT & RECOMMENDATION

659A.199. Id. at 12-14. Shaw's tenth claim for relief alleges Shaw was wrongfully terminated pursuant to Oregon common law. Id. at 14-16. For the reasons below, AFS's motion to dismiss Shaw's tenth claim for relief should be GRANTED.

## BACKGROUND

This action arises as a result of multiple alleged forms of racial and gender-based discrimination that occurred from November 19, 2012 to March 19, 2013. Id. at 3-6. At all relevant times, Shaw worked as an account representative for AFS. Id. at 3.

The first alleged incident of racial and sex-based discrimination occurred on November 21, 2012. Id. Coworker Donna asked Shaw if Shaw wanted part of a potluck lunch. Id. Shaw said he was not hungry. Id. Donna asked a second time, stating, "We have watermelon, you know." According to Shaw, the lunch room fell silent. Id.

Again, on December 19, 2012, the office had a secret Santa giveaway. Id. According to Shaw, he was given a box of Kool-Aid and a t-shirt. Id. A number of coworkers reportedly laughed at Shaw's expense. Id. Employee Stephanie Metzer stated, "Wow, this is borderline racist." Id.

On January 19, 2013, Shaw's office was playing bingo. Id. at 5. Shaw left his desk to use the bathroom. Id. When Shaw returned, employee Carrie Moreno had allegedly written "DJANGO" across the top of Shaw's paper. Id. Shaw reportedly showed the card to supervisor Krista Lambert. Id. Ms. Lambert took no disciplinary action. Id.

On February 13, 2013, coworker Kayla asked Shaw if he wanted to be shown how to document calls properly. Id. Prior to Shaw's response, employee Jamie Hiltz allegedly said, "Explain it to him and then explain it again, his type of people are a little slower than the rest of us." Id.

Later that day, Shaw alleges that he called a meeting with Carrie Moreno, Jamie Hiltz, and Ms. Dillon. Id. Shaw explained that he felt discriminated against. Id. Shaw explained to Ms. Dillon what had been said to him over the past few weeks and told Ms. Dillon that the discrimination needed to be addressed. Id.

On February 20, 2013, Ms. Dillon, after laughing at a joke employee Ben had told her, reportedly said, "People who brag about having an Obama phone shouldn't brag because people who have Mitt Romney phones have special phones, too. They're called office phones because they all have jobs." Id. Ms. Dillon went on to describe how stupid a black woman was who used the word "edumicated." Id.

On March 11, 2013, Ms. Dillon allegedly told Shaw to settle an outstanding student loan because she wanted to promote him to the Department of Education team. Id. at 6. Shaw informed Ms. Dillon that he would try to pay the outstanding loan. Id.

On March 19, 2013, Ms. Dillon told Shaw that she was letting him go. Id. Ms. Dillon asserted that Shaw was terminated due to several phone calls Shaw had made giving borrowers false information. Id. Ms. Dillon also asserted that Shaw was being fired because he failed to clock out for his fifteen-minute break that day. Id. Shaw asked Ms. Dillon which phone calls were in question. Id. Ms. Dillon did not give any details. Id. Shaw then requested Ms. Dillon review his time card to see that Shaw had, in fact, clocked out on break. Id. After looking at the time clock, Ms. Dillon admitted her error. Id. Shaw was terminated nonetheless. Id.

## STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Id. (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. Odom v. Microsoft Corp., 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

Unless prohibited by a contractual, statutory, or constitutional requirement, an employer in Oregon may generally discharge an employee at any time and for any reason, provided that the discharge does not otherwise fall within one of two recognized exceptions: (1) discharge for fulfilling an important public duty, and (2) discharge for exercising a job-related right that reflects an important public duty. Babick v. Or. Arena Corp., 333 Or 401, 40 P.2d 1059, 1062 & n. 2 (2002) (internal citations omitted). The tort of wrongful discharge was not intended to be a tort of general application, rather, it is an interstitial tort meant to provide a remedy when the conduct in question is unacceptable and no other remedy is available. Draper v. Astoria Sch.

Dist. No. 1C, 995 F.Supp. 1122, 1127 (D. Or. 1998) (citing Walsh v. Consolidated Freightways, Inc., 278 Or. 347, 563 P.2d 1205, 1208 (1977)). Therefore, a plaintiff may not pursue a claim for common law discharge if (1) an existing remedy adequately protects the public interest in question, *or* (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy regardless whether the courts perceive that remedy to be adequate. 995 F.Supp. at 1130-31 (emphasis added).

The Oregon Court of Appeals has held that the test is conjunctive; that is, the defendant must show *both* that the statutory remedy is adequate *and* that the legislature intended the statute to abrogate the common law. Olsen v. Deschutes Cnty., 204 Or. App. 7, 127 P.3d 655, 660 (2006), *rev. den.*, 341 Or. 80, 136 P.3d 1123 (2006). However, Olsen's conjunctive test has generally been rejected by the courts of this District as both inconsistent with Oregon Supreme Court precedent and an unnecessary expansion of the tort of wrongful discharge. See, e.g., Reid v. Evergreen Aviation Ground Logistics Enters., Inc., Civil No. 07-1641-AC, 2009 WL 136019, at * 15-20 (D. Or. Jan. 20, 2009); Duran v. Window Prods., Inc., Civ. No. 10-125-ST, 2011 WL 1261190 (D. Or. Mar. 29, 2011) adopting Magistrate Judge Stewart's Findings and Recommendation, Duran v. Window Prods., Inc., No. CV-10-125-ST, 2010 WL 6420572, at * 5 (D. OR. Dec. 22, 2010).; but see Krouse v. Ply Gem Pac. Windows Corp., 803 F. Supp.2d 1220, Civil No. 10-111-HA, 2011 WL 2971774, at *8 (D. Or. July 19, 2011).

This court agrees: "the presence of an adequate statutory remedy precludes a common law wrongful discharge claim based on the same conduct." Duran v. Window Prods., Inc., No CV-10-125-ST, 2010 WL 6420572, at * 4 (D. Or. Dec. 22, 2010) (quoting Reid v. Evergreen Aviation Ground Logistics Enterprises, Inc., CV-07-1641-AC 2009 WL 136019 at * 20 (D. Or 2006)). ORS § 659A.199 "provides an adequate (if not better) remedy" than a wrongful

Page 5 – REPORT & RECOMMENDATION

discharge claim. Id. Thus, Shaw's claim that AFS violated ORS § 659A.199 by retaliating against Shaw for Shaw's report of alleged discrimination against him precludes a common law wrongful discharge claim based on the same conduct. Similarly, ORS § 659A.030 provides Shaw with an adequate remedy for gender and racial-based discrimination. See Thomas v. City of Beaverton, 379 F.3d 802 (9th Cir. 2004). Thus, Shaw's claim that AFS violated ORS § 659A.030 by knowingly failing to address the racial and gender-based discrimination alleged precludes a common law wrongful discharge claim based on the same conduct. Therefore, Shaw's wrongful discharge claim should be dismissed. AFS's motion to dismiss should be GRANTED.

## RECOMMENDATION

For the reasons stated above, the court recommends AFS's motion (#8) be GRANTED. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

This Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from the date of this opinion. If objections are filed, any response to the objections are due fourteen (14) days after the date of the objections. See FRCP 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 26 day of June, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge